Tayler Canet CA Bar #359020
LEE & HAYES, P.C.
601 West Riverside Ave.
Suite 1400
Spokane, WA 99201
Telephone: (509) 324-9256
Facsimile: (509) 323-8979
Email: tayler.canet@leehayes.com

*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

ROCHESTER COLONIAL MANUFACTURING CORP,

Plaintiff,

v.

TEZA DOORS INC.,

Defendant.

Case No.:

**COMPLAINT FOR (1) TRADEMARK INFRINGEMENT, 15 U.S.C. § 1114;**
**(2) FALSE DESIGNATION OF ORIGIN AND UNFAIR COMPETITION, 15 U.S.C. § 1125(a)(1)(A);**
**(3) COMMON LAW TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION; AND**
**(4) UNFAIR COMPETITION, CAL. BUS. & PROF. CODE § 17200 ET SEQ.**

**ACTION SEEKING STATEWIDE OR NATIONWIDE RELIEF**

**JURY TRIAL DEMANDED**

Plaintiff Rochester Colonial Manufacturing Corporation ("Rochester Colonial" or "Plaintiff"), by and through its undersigned counsel, as and for its Complaint against Defendant Teza Doors, Inc. ("Teza"), hereby alleges as follows.

## I. PARTIES, JURISDICTION, AND VENUE

1. This Court has subject matter jurisdiction over this action pursuant to Section 39 of the Trademark Act of 1946 (the "Lanham Act"), 15 U.S.C. § 1121, and 28 U.S.C. §§ 1331 and 1338(a), because Plaintiff's First and Second Causes of Action arise under the Lanham Act, 15 U.S.C. § 1051 *et seq*. This Court has subject matter jurisdiction over Plaintiff's Third and Fourth Causes of Action pursuant to 28 U.S.C. § 1338(b), because those claims are joined with substantial and related claims under the trademark laws of the United States, and pursuant to 28 U.S.C. § 1367(a), because those claims are so related to Plaintiff's federal claims that they form part of the same case or controversy.

2. This Court has personal jurisdiction over Teza because Teza is incorporated in California and maintains its principal place of business in this judicial district. Teza transacts, conducts, and solicits business in this district, and it committed the infringing acts alleged in this Complaint within this district.

3. Venue is proper in this district under 28 U.S.C. § 1391(b)(1) because Defendant resides in this district, and under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred

in this district.

4. Plaintiff Rochester Colonial is, and at all times mentioned in this Complaint was, a corporation duly organized, incorporated, and existing under the laws of the State of New York, with its principal place of business located at 1794 Lyell Avenue, Rochester, New York 14606. Rochester Colonial does business as FoldUp in connection with its FOLDUP windows.

5. Upon information and belief, Defendant Teza is, and at all times mentioned in this Complaint was, a corporation organized and existing under the laws of the State of California, with its principal place of business located at 4943 Telegraph Road, Los Angeles, California 90022.

6. Upon information and belief, Teza does business under the names “Teza Doors & Windows” and “TEZA DOORS,” operates a showroom at 8210 Haskell Avenue, Van Nuys, California 91406, and advertises a second showroom opening at 1544 East Warner Avenue, Santa Ana, California 92705.

## II. FACTUAL ALLEGATIONS

7. Founded in 1947, Rochester Colonial is one of the oldest yet most innovative window and door providers in America.

8. Since at least as early as October 2013, Rochester Colonial has designed, manufactured, and sold windows that open by folding upward under the trademark FOLDUP (the “FOLDUP Mark”). Rochester Colonial has used the FOLDUP Mark

continuously in interstate commerce since that time.

9. Rochester Colonial affixes the FOLDUP Mark to each FOLDUP window by a decal. It has sold thousands of FOLDUP-branded windows to customers throughout the United States.

10. Rochester Colonial promotes its FOLDUP windows through a dedicated website at www.foldupwindow.com, which has been publicly available since at least January 2018, as well as through product literature, social media, and other advertising channels. Rochester Colonial markets FOLDUP windows under the tagline “A Window Like No Other.”

11. The FOLDUP Mark has received substantial unsolicited recognition. This Old House magazine named the FOLDUP window one of its 100 Best New Products of 2015. FOLDUP windows have received awards from Architizer and have been recognized as a “most innovative product.” FOLDUP windows have also been featured on nationally televised programs produced in California.

12. Architects increasingly specify FOLDUP windows by name in their project plans.

13. Through more than twelve years of continuous and substantially exclusive use, sales of thousands of units nationwide, sustained promotion, and unsolicited media recognition, the FOLDUP Mark has acquired distinctiveness. The relevant purchasing public, including homeowners, builders, contractors, and

architects, recognizes FOLDUP as identifying windows that come from a single source, Rochester Colonial.

14. Rochester Colonial owns U.S. Trademark Registration No. 7,373,910 for the mark FOLDUP, registered on the Principal Register on April 30, 2024, for non-metal windows in International Class 19 (the "FOLDUP Registration"). The FOLDUP Registration issued under Section 2(f) of the Lanham Act, 15 U.S.C. § 1052(f), on the basis of the mark's acquired distinctiveness.

15. The FOLDUP Registration is valid and subsisting. Under Sections 7(b) and 33(a) of the Lanham Act, 15 U.S.C. §§ 1057(b) and 1115(a), the FOLDUP Registration is prima facie evidence of the validity of the FOLDUP Mark, of Rochester Colonial's ownership of the mark, and of Rochester Colonial's exclusive right to use the mark in commerce on and in connection with the goods identified in the registration.

16. In addition to its registered rights, Rochester Colonial owns common law rights in the FOLDUP Mark for windows and related goods and services throughout the United States, including in California, dating from at least as early as October 2013.

17. Rochester Colonial provides notice of the FOLDUP Registration by displaying the FOLDUP Mark with the ® symbol on its products, website, and marketing materials, as provided in 15 U.S.C. § 1111.

18. On August 18, 2017, Rochester Colonial's employee, Tim Forster, photographed Rochester Colonial's FOLDUP windows installed in a residential setting during a company photo shoot. Rochester Colonial has used that photograph as the lead image on www.foldupwindow.com since the website launched.

19. In September 2023, a Rochester Colonial customer in the western United States told Rochester Colonial that Teza was advertising a fold-up window on its website, www.tezadoors.com. To promote that window, Teza was displaying Rochester Colonial's photograph of its own FOLDUP windows, to which Teza had added its own logo and name.

20. Teza offered that window under the name "Teza Fold-Up Window."

21. Rochester Colonial has never sold FOLDUP windows to Teza, has never authorized Teza to resell or install FOLDUP windows, and has never authorized Teza to use the FOLDUP Mark or Rochester Colonial's photographs.

22. On September 21, 2023, Rochester Colonial, through counsel, sent Teza a written demand. The letter identified Rochester Colonial's rights in the FOLDUP Mark and its use of the mark since at least 2013, and demanded that Teza cease use of Rochester Colonial's photograph and trademarks.

23. On September 22, 2023, Teza responded in writing. It apologized for using Rochester Colonial's pictures on its website and in its catalog without

permission and stated that it would remove them.

24. Teza did not remove all of the images, and it did not stop using the FOLDUP Mark. On October 18, 2023, Rochester Colonial, through counsel, sent Teza a second written demand. The letter showed that Rochester Colonial's photograph still appeared on Teza's website and in Teza's online catalog, and that Teza continued to use "FOLD-UP" in connection with its windows. It also demanded that Teza remove all use of FOLDUP, FOLD-UP, and confusingly similar terms.

25. The same day, Teza acknowledged in writing that it had used Rochester Colonial's image. It refused to cease using "fold up" in connection with its windows unless Rochester Colonial first produced documentation of an issued trademark registration.

26. On October 25, 2023, Rochester Colonial, through counsel, sent Teza a third written demand. The letter explained that Rochester Colonial's trademark rights arise from its use of the FOLDUP Mark since 2013, identified the mark's national recognition, and again demanded that Teza cease all use of FOLDUP, FOLD-UP, and any confusingly similar term.

27. Upon information and belief, after receiving Rochester Colonial's demands, Teza briefly ceased using FOLDUP and FOLD-UP in connection with its windows for a short period of time. However, soon Teza resumed that use and

expanded it, as alleged below.

28. Teza has known of Rochester Colonial, its FOLDUP windows, and its claim of rights in the FOLDUP Mark since at least September 21, 2023. Teza's use of Rochester Colonial's own product photograph under Teza's name shows that Teza knew of the FOLDUP windows even before then.

29. Teza now advertises, offers for sale, and sells aluminum windows that open by folding upward under names that incorporate the FOLDUP Mark (the "Infringing Products"). These include windows Teza calls the "55 Series Fold Up Window With Bottom Frame" and the "TEZA 55 Series Fold Up Window Without Bottom Frame."

30. On its website, Teza maintains a product category titled "Fold-Up Windows." It promotes the Infringing Products under headings including:

"TEZA Aluminum Fold-Up Windows;"
"Affordable Teza Fold Up Windows;"
"Our Premium Teza Fold Up Windows Installation Services;"
"Teza Fold Up Windows Projects;"
"Best Teza Fold Up Windows;"
"Why Choose TEZA 55 Series Fold-Up Window?"; and
"Best 55 Series Fold Up Windows in Los Angeles, CA."

Teza also tags its product pages with search terms including "55 Series Fold Up Window Los Angeles CA," "55 Series Fold Up Window USA," and "aluminum fold up windows."

31. Teza also sells the Infringing Products nationwide through The Home

Depot's online marketplace. Its listings bear titles including "TEZA DOORS 55 Series Fold Up Window 71-1/2-in x 47-1/2-in Aluminum New construction," priced at $3,999.99, and "TEZA DOORS 55 Series Fold Up Window Aluminum New construction," priced at $2,800.00.

32. Teza uses "Fold Up" and "Fold-Up" as a brand name for its windows, not merely to describe how they operate. Teza capitalizes the term and places it in product titles, category names, and headings. It pairs the term with its TEZA house mark and model-series designations, as in "TEZA 55 Series Fold Up Window" and "Teza Fold Up Windows," and it uses the term as a search-engine keyword to attract consumers searching for fold-up windows.

33. Teza adopted and resumed its use of the FOLDUP Mark with full knowledge of Rochester Colonial's rights. It did so after it had copied Rochester Colonial's product photograph, after it had admitted that copying, and after receiving three written demands to stop.

34. The marks are effectively identical. Teza's "Fold Up" and "Fold-Up" are identical to the FOLDUP Mark in sound and meaning and nearly identical in appearance. The only differences are a space or a hyphen, and Teza's capitalization of each word mirrors the internal capital in Rochester Colonial's "FoldUp."

35. The goods are closely related. The Infringing Products are windows that open by folding upward, which is the same distinctive function as Rochester

Colonial's FOLDUP windows. Both parties' products are used in the same settings, including kitchens, pass-throughs, indoor-outdoor living spaces, and commercial applications, such as restaurants and country clubs.

36. The parties sell through the same channels to the same customers. Both market to homeowners, builders, contractors, and architects, and both sell through the internet. When a consumer searches online for fold-up windows at The Home Depot, the search results display Teza's Infringing Products alongside Rochester Colonial's foldupwindow.com website and Rochester Colonial's "Introducing FoldUp" social-media content.

37. The FOLDUP Mark is strong in the marketplace. The FOLDUP Mark has been used continuously for more than twelve years, appears on thousands of units sold nationwide, has received national media and industry recognition, and is specified by name by architects.

38. Teza intended to trade on Rochester Colonial's goodwill. Teza first copied Rochester Colonial's product photograph and passed it off as its own. Teza then admitted the copying, refused to stop using the FOLDUP Mark, and later resumed and expanded its use of the mark after receiving three written demands. Teza adopted the FOLDUP Mark knowing of Rochester Colonial's prior rights.

39. The goods are an occasional, considered purchase that consumers often make online. Consumers buy the Infringing Products online from product listings,

often without seeing the product or speaking with the seller. In those circumstances, consumers rely on product names to identify the source of the goods, and even careful purchasers are likely to assume that a window offered as a "Fold Up Window" is a FOLDUP window or is affiliated with Rochester Colonial.

40. Upon information and belief, consumers have already been confused.

41. Teza's use of the FOLDUP Mark is likely to cause confusion, mistake, and deception among consumers and the trade. Consumers are likely to believe that the Infringing Products are Rochester Colonial's FOLDUP windows, that they are made, licensed, sponsored, or approved by Rochester Colonial, or that Teza is affiliated with Rochester Colonial.

42. Rochester Colonial has no control over the nature or quality of the Infringing Products. Teza describes the 55 Series as a non-thermal-break aluminum window that is not recommended for colder climates or where thermal insulation is required. Any shortcomings in the Infringing Products will be attributed to Rochester Colonial and the FOLDUP Mark.

43. Teza's conduct has caused and, unless enjoined, will continue to cause irreparable harm to Rochester Colonial. That harm includes loss of control over its reputation, injury to the goodwill symbolized by the FOLDUP Mark, and diversion of sales, for which Rochester Colonial has no adequate remedy at law. Rochester Colonial is entitled to a rebuttable presumption of irreparable harm under 15

U.S.C. § 1116(a).

44. Teza's infringement is knowing, deliberate, and willful.

**COUNT 1**
**Trademark Infringement**
**15 U.S.C. § 1114**

45. Plaintiff repeats and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein at length.

46. Rochester Colonial owns the FOLDUP Registration, which is valid and subsisting.

47. Without Rochester Colonial's consent, Defendant has used and continues to use in commerce a reproduction, copy, or colorable imitation of the registered FOLDUP Mark in connection with the sale, offering for sale, distribution, and advertising of windows. That use is likely to cause confusion, to cause mistake, or to deceive, in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

48. Defendant's acts have been committed with knowledge of Rochester Colonial's prior rights in the FOLDUP Mark and with the intent to cause confusion, mistake, or deception.

49. As a direct and proximate result of Defendant's infringement, Rochester Colonial has suffered and will continue to suffer damages and irreparable harm. Rochester Colonial is entitled to injunctive relief under 15 U.S.C. § 1116, and to

Defendant's profits, Rochester Colonial's damages, enhanced damages, and costs under 15 U.S.C. § 1117(a). Because this is an exceptional case, Rochester Colonial is also entitled to its reasonable attorney's fees.

## COUNT 2
## False Designation of Origin and Unfair Competition
## 15 U.S.C. § 1125(a)(1)(A)

50. Plaintiff repeats and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein at length.

51. Rochester Colonial owns valid and protectable rights in the FOLDUP Mark, which has acquired distinctiveness and which Rochester Colonial used in commerce before Defendant's first use of "Fold Up" or "Fold-Up."

52. Defendant's use in commerce of "Fold Up" and "Fold-Up" in connection with windows is a false designation of origin and a false or misleading representation of fact. That use is likely to cause confusion, mistake, or deception as to the affiliation, connection, or association of Defendant with Rochester Colonial, and as to the origin, sponsorship, or approval of Defendant's goods by Rochester Colonial, in violation of Section 43(a)(1)(A) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A).

53. Defendant's acts have been knowing, deliberate, and willful.

54. As a direct and proximate result of Defendant's conduct, Rochester Colonial has suffered and will continue to suffer damages and irreparable harm.

Rochester Colonial is entitled to injunctive relief under 15 U.S.C. § 1116, and to Defendant's profits, Rochester Colonial's damages, enhanced damages, costs, and, because this is an exceptional case, reasonable attorney's fees under 15 U.S.C. § 1117(a).

**COUNT 3**
**Common Law Trademark Infringement and Unfair Competition**

55. Plaintiff repeats and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein at length.

56. Rochester Colonial owns common law rights in the FOLDUP Mark in California and throughout the United States, which are prior to any rights Defendant may claim.

57. Defendant's use of "Fold Up" and "Fold-Up" in connection with windows is likely to cause confusion as to the source, sponsorship, or affiliation of Defendant's goods. That use constitutes trademark infringement and unfair competition, including passing off, under the common law of the State of California.

58. As a direct and proximate result of Defendant's conduct, Rochester Colonial has suffered and will continue to suffer damages and irreparable harm in an amount to be proven at trial.

59. Defendant's conduct was willful, and it was undertaken with oppression, fraud, and malice, entitling Rochester Colonial to punitive and exemplary damages

under California Civil Code § 3294.

**COUNT 4**
**Unfair Competition, Cal. Bus. & Prof. Code § 17200 *et seq*.**

60. Plaintiff repeats and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein at length.

61. Defendant's conduct alleged in this Complaint constitutes unlawful, unfair, and fraudulent business acts and practices within the meaning of California Business and Professions Code § 17200. The conduct is unlawful because it violates 15 U.S.C. §§ 1114 and 1125(a). It is unfair because it trades on goodwill that Rochester Colonial built over more than a decade. It is fraudulent because it is likely to deceive members of the public as to the source and affiliation of Defendant's goods.

62. As a direct result of Defendant's conduct, Rochester Colonial has suffered injury in fact and has lost money or property, including lost sales and injury to the goodwill associated with the FOLDUP Mark.

63. Rochester Colonial is entitled to injunctive relief and to restitution under California Business and Professions Code § 17203.

**III. DEMAND FOR JURY TRIAL**

Plaintiff requests a trial by jury on all issues properly triable by a jury.

## IV. PRAYER FOR RELIEF

Plaintiff prays for judgment against Defendant for the following relief:

1. Enter a judgment in favor of Plaintiff and against Defendant on all Causes of Action alleged herein, including a finding that Defendant's infringement was willful;

2. Preliminarily and permanently enjoin Defendant, its officers, agents, servants, employees, and attorneys, and all other persons in active concert or participation with any of them, from using FOLDUP, FOLD UP, FOLD-UP, or any other mark confusingly similar to the FOLDUP Mark, in connection with the advertising, promotion, offering for sale, or sale of windows or related goods or services. This includes use in product names, product listings, website content, metadata, and search-engine advertising keywords;

3. Order Defendant to remove or correct all product listings, website content, metadata, and advertising that use the FOLDUP Mark or any confusingly similar term, including listings on The Home Depot's marketplace and any other third-party platform;

4. Order Defendant to file with the Court and serve on Plaintiff, within thirty (30) days after entry and service of any injunction, a report in writing and under oath setting forth in detail the manner and form in which Defendants have complied with the injunction, pursuant to 15 U.S.C. § 1116(a);

5. Order the delivery and destruction of all labels, signs, packaging, advertising, and promotional materials in Defendant's possession or control bearing the FOLDUP Mark or any confusingly similar term, pursuant to 15 U.S.C. § 1118;

6. Award Plaintiff Defendant's profits, Plaintiff's actual damages, and the costs of this action pursuant to 15 U.S.C. § 1117(a), with damages enhanced up to three times and profits adjusted as the Court finds just;

7. Find this case exceptional and award Plaintiff its reasonable attorney's fees pursuant to 15 U.S.C. § 1117(a);

8. Award Plaintiff restitution pursuant to California Business and Professions Code § 17203;

9. Award Plaintiff punitive and exemplary damages pursuant to California Civil Code § 3294;

10. Award Plaintiff pre- and post-judgment interest as allowed by law; and

11. Award such other and further relief as the Court deems just, proper, and equitable.

Respectfully submitted this 16th day of November, 2026

LEE & HAYES, P.C.

By: /s/ Tayler Canet
Tayler Canet, #359020
LEE & HAYES, P.C.

601 West Riverside Ave., Suite 1400
Spokane, WA 99201
Telephone: (509) 324-9256
Facsimile: (509) 323-8979
Email: tayler.canet@leehayes.com
*Attorneys for Plaintiff*